```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


DONNIE L. BROUGHTON, JR.          :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :        CIVIL ACTION 12-609-M
                                  :
CAROLYN W. COLVIN,                :
Commission of Social Security,[1] :
                                  :
     Defendant.                   :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 11). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (see Doc. 16). Oral argument was waived in this action (Doc. 17).

---

[1] Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin is substituted for Michael J. Astrue as Defendant in this action. No further action needs to be taken as a result of this substitution. 42 U.S.C. § 405(g).

1

Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the second administrative hearing, Plaintiff was twenty-six years, had completed one and one-half years of college (Tr. 47), and had previous work experience as a courier (Tr. 50). In claiming benefits, Plaintiff alleges disability due to post-traumatic stress disorder, migraine headaches, lumbar degenerative disc disease, bilateral shoulder crepitus and rotator cuff dysfunction, major depressive disorder, and anxiety disorder (Doc. 11 Fact Sheet).

2

The Plaintiff filed an application for disability benefits on April 15, 2010 (Tr. 143-47; *see also* Tr. 10).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Broughton could not perform his past relevant work and that if he ceased his drug and alcohol abuse, he would be able to perform specific jobs existing in the national economy (Tr. 10-23).  Plaintiff requested review of the hearing decision (Tr. 5) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Broughton alleges the single claim that the ALJ failed to fully evaluate his 70% disability rating by the Department of Veterans Affairs (hereinafter *VA*) (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 12).  The relevant evidence of record follows.

On December 21, 2009, office treatment notes from the Gulf Coast Veterans Health Care show that Broughton was seen for complaints of lower back pain; he was told to take an NSAID three times a day and was referred to physical therapy and pain management (Tr. 307-15; *see generally* Tr. 240-322, 341-422, 442-

55).  He was given prescriptions for Zoloft,[2] Trazodone,[3] and Zomig[4] for migraine headaches (Tr. 309).  Broughton admitted to alcohol abuse, but stated that he was trying to quit on his own, declining admission to a cessation clinic (Tr. 309).  On January 12, 2010, Plaintiff stated that he drank a fifth of whiskey at a time once weekly; he denied using illicit drugs (Tr. 293-307).  Testing showed that Broughton perceived his mental health as severely impaired compared to others; he rated his average pain as eight on a ten-point scale (Tr. 300).  On March 18, Plaintiff complained of depression, anger, social isolation, and chronic pain; he also discussed a lack of sleep and having nightmares and flashbacks (Tr. 281-87).  On examination, Broughton was oriented in three spheres and his mood was depressed; thought processes were grossly organized and goal directed.  Suicidal and homicidal ideation had increased; he was diagnosed to have the following:  PTSD; depressive disorder, NOS; generalized anxiety disorder; alcohol abuse in remission; migraine headaches; and chronic lower back pain (Tr. 286).  On April 19, Plaintiff stated that he had not had a drink for one and one-

---

[2]**Error! Main Document Only.**.*Zoloft* is "indicated for the treatment of depression."  *Physician's Desk Reference* 2229-34 (52nd ed. 1998).
[3]**Error! Main Document Only.**.*Trazodone* is used for the treatment of depression.  *Physician's Desk Reference* 518 (52nd ed. 1998).
[4]*Zomig* is used in the treatment of migraine headaches.  **Error! Main Document Only.**.*Physician's Desk Reference* 678-79 (62nd ed. 2008).

half months; Prozac[5] was substituted for his Trazodone prescription (Tr. 275-79).  His psychiatrist indicated that Broughton's GAF was 45[6] (Tr. 278).  On May 4, he stated that he gets drunk and goes to sleep; Broughton also stated, though, that the last time he had used alcohol was three beers two weeks earlier (Tr. 269, 271; *see generally* Tr. 265-75).  Plaintiff also reported that he used marijuana every other night to help him sleep (Tr. 271).  After her examination of Broughton, an examining clinical psychologist stated the following:

> PTSD was not diagnosed in the current exam due to inconsistencies in Veteran's reports of stressors and symptoms today and with recent VA treatment records.  The information gained in the clinical interview did not support a diagnosis of PTSD, rather Veteran appears to be experiencing symptoms of depression, which may be due to his substance use.

(Tr. 275).

Treatment records from Commander USA Medic show that Broughton was treated between June 18 and July 9, 2010 for backaches, cervical radiculopathy, migraines, and acute renal

---

[5]**Error! Main Document Only.***Prozac* is used for the treatment of depression.  *Physician's Desk Reference* 859-60 (52nd ed. 1998).

[6]"A GAF score in the 40's indicates serious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school

therapy (Tr. 465-97).

On August 2, 2010, the VA issued a letter stating that it had determined that Broughton had demonstrated a "[s]ervice connection for depressive disorder, not otherwise specified (NOS) with cannabis abuse and alcohol dependence (also claimed as anxiety disorder)" and that he was seventy percent disabled, effective November 20, 2009 (Tr. 231; *see generally* Tr. 226-38).

On September 3, 2010, a mental residual functional capacity (hereinafter *RFC*) assessment was completed by non-examining Psychologist Clare Rubin who indicated that Broughton was moderately limited in his ability to do the following: carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and set

---

functioning (*e.g.*, no friends, unable to keep a job)."

realistic goals or make plans independently of others (Tr. 323-26).  Rubin indicated that these were not substantial limitations (Tr. 325).  On that same date, Rubin completed a Psychiatric Review Technique Form in which she indicated that Broughton had Depressive Disorder NOS; rule out PTSD; Antisocial Personality Disorder; and Substance Addiction Disorders (Tr. 327-40).  The Psychologist expressed the view that Plaintiff had moderate degrees of limitation in his activities of daily living, in maintaining social functioning, and in maintaining concentration, persistence, or pace.

    On September 29, 2010, Plaintiff underwent an MRI of the lumbar spine at the Mobile Infirmary Medical Center that demonstrated degenerative changes of the intervertebral disc spaces with the L3-L4 being essentially collapsed (Tr. 438-40).

    On November 12, 2010, records from Saint Simons By-the-Sea show that Plaintiff used marijuana daily and had done so for years (Tr. 427-35).  His mood was depressed and his affect flat; thought content was paranoid with delusions and he had been experiencing suicidal and homicidal ideation.  Broughton had fair insight and judgment; his diagnosis was Schizophrenia paranoid type and PTSD.  He was to continue taking Prozac and

---

http://www.gafscore.com/

add Zyprexa[7] and Topomax[8] to his medicinal regimen.

On October 10, 2011, Orthopedist Dr. William A. Crotwell examined Broughton and found no objective evidence of cervical or lumbar strain and no radiculopathy (Tr. 499-502). The Orthopedic went on to find that Plaintiff "could carry out normal work activities. He could definitely carry out medium, light, and sedentary. He could definitely work an eight hour work day" (Tr. 500). Crotwell completed a physical capacities evaluation in which he indicated that Broughton was capable of sitting, standing, and walking, each, for four hours at a time and was capable of each of these activities for eight hours during an eight-hour workday (Tr. 502). The doctor went on to find that Plaintiff could lift and carry up to twenty-five pounds continuously, fifty pounds frequently, and one hundred pounds occasionally. Broughton was also capable of using his hands for simple grasping, pushing and pulling of arm controls, and fine manipulation; he could use his legs for pushing and pulling of leg controls. Plaintiff was capable of bending, squatting, crawling, climbing, and reaching on a continual

---

[7]**Error! Main Document Only.**_Zyprexa_ is used for the "management of the manifestations of psychotic disorders." _Physician's Desk Reference_ 1512 (52nd ed. 1998).

[8]_Topomax_ is used in the treatment of migraine headaches. **Error! Main Document Only.**_Physician's Desk Reference_ 2378-79 (62nd ed. 2008).

basis.

On May 18, 2011, treatment notes from the VA show that Plaintiff had complaints of back and neck pain, a migraine headache, and having recently vomited blood; a chest x-ray was normal (Tr. 515, 530-31; see generally Tr. 503-31).  On July 12, Broughton complained that he was out of his medicine and had been for a while; medications were prescribed (Tr. 523-25).  GAF was listed at 45.  X-rays of the chest, back, and right shoulder were all negative (Tr. 512-14).  On August 11, Plaintiff went to the VA, complaining of back pain; he left before seeing a doctor (Tr. 518-23).  This is the conclusion of the relevant evidence.

On June 14, 2011, Psychologist John W. Davis examined Plaintiff and reported the following remarks from him:

> He reports he drinks "as much as I can get my hands on."  He reports he knows that he over drinks and has been to AA "many times."  He does not smoke.  He has past treatment for alcohol abuse in 2008 and 2009.  He reports he smokes marijuana daily, stating it is the only thing that keeps him calm.

(Tr. 457; see generally Tr. 456-63).  Davis reported anxiety and depression, but noted that Broughton had the capacity for a full range of emotions; immediate, recent, and remote memory were good.  The Psychologist noted loose associations, tangential and

9

circumstantial thinking, and confusion; there were indications of hallucinations.  Insight and judgment were impaired; intellectual level was considered to be low average.  The MMPI was administered, but the results were thought to be invalid.  Davis's diagnosis was PTSD, Anxiety Disorder, and Rule out Schizophrenia/Chronic Undifferentiated Type; the Psychologist thought that Plaintiff's prognosis was guarded as he would be unlikely to have a reasonable response to therapy within twelve months.  Davis stated that Broughton's "symptoms [were] so bizarre that he is really either schizophrenic or else excessively malingering" (Tr. 460).  The Psychologist went on to find that Plaintiff would be markedly limited in his ability to do the following:  understand, remember, and carry out simple and complex instructions; make judgments on simple and complex work-related decisions; interact appropriately with the public, supervisors, and co-workers; and respond appropriately to usual work situations and changes in routine settings.

   Plaintiff has claimed that the ALJ failed to full evaluate his 70% disability rating by the VA (Doc. 11).  As part of her claim, Broughton has pointed to the following instructive language:

> Under sections 221 and 1633 of the Act,

> only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner").  However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 4 04.1512(b)(5) and 416.912(b)(5)).  Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

Social Security Ruling 06-03p.

In his determination, the ALJ specifically noted the following:  "In terms of the claimant's mental impairments, the claimant was awarded a 70% service connected disability for depressive disorder, cannabis abuse and alcohol dependence (Exhibit 15E)" (Tr. 18).  The ALJ went on to note that Broughton "has a history of noncompliance and facially criminal conduct, including the claimant's chronic drug and alcohol abuse" (Tr. 20).  The ALJ found that Plaintiff's impairments, including the substance use disorders, meet certain of the Listings (Tr. 13).  The ALJ went on to find that if he stopped the substance use, he

11

would still have severe impairments, but that they would not meet or equal any of the Listings of Disability (Tr. 15).

In reaching this determination, the ALJ found that Broughton's statements about his pain and limitations were not credible (Tr. 17, 19-21).  Among the reasons for this decision, the ALJ credited the Orthopedic report of Dr. Crotwell, the failure of the objective medical evidence to support Broughton's claims, his history of noncompliance with doctor's orders, and inconsistencies of the treatment records compared to Plaintiff's own statements.  The Court notes that Broughton has not challenged any of these credibility findings.

Plaintiff has challenged, however, the ALJ's rejection of the conclusions of Psychologist Davis (Doc. 11, pp. 3-4).  The ALJ specifically gave "no weight" to Davis's conclusions, noting that the Psychologist had failed to diagnose a substance abuse disorder "[a]lthough the claimant reported significant, ongoing substance abuse" (Tr. 21).  The ALJ also noted that Davis had specifically stated that he had considered the VA records, which indicated that Broughton had been diagnosed with alcohol abuse, and still failed to include substance abuse among Broughton's impairments in reaching his conclusions.  Finally, the ALJ discredited the Psychologist's opinions because he had found

Plaintiff markedly limited, stating that he was giving Broughton the benefit of the doubt "unless there is 'other info that might prove otherwise, which would change [Davis's] ratings [from marked] to mild;'" the ALJ pointed out that the VA had provided sufficient information from which Davis could have formed a different opinion (Tr. 22; *cf.* Tr. 461).

The Court finds that the ALJ's conclusions are supported by substantial evidence.  The VA's disability rating is based, at least in part, on his substance abuse of alcohol and marijuana.  It was proper for the ALJ to consider that information and reject it as a basis for finding that Broughton is not disabled.  The ALJ's discrediting of Psychologist Davis's conclusions, likewise, is supported by substantial evidence.  Plaintiff's claim otherwise is without merit.

Broughton has raised a single claim in bringing this action.  That claim is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by

13

separate Order.

    DONE this 24th day of May, 2013.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE